UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FRANK DICHIARA,

                          Plaintiff,                    **ORDER**
                                                        **06 CV 6123 (KAM)(LB)**

             -against-

DR. LESTER N. WRIGHT, Individually and as
Associate Commissioner for Health  Services for
the New York State Department of Correctional
Services; ALEXIS LANG, MD,  Individually and as
Regional Medical Director for the New York State
Department of  Correctional Services;
JOHN PERILLI, MD, FMD, Individually and as
Facility Medical Director for Sing Sing Correctional
Facility; M. HALKO, MD, Individually and as
Physician at Sing Sing Correctional Facility;
P. K. KWAN, RPA, Individually and as Physician
Assistant at Sing Sing Correctional Facility;
KIMBERLY CAPUANO, RNA Individually and as
Nurse Administrator at Sing Sing Correctional
Facility; HANSEN, RNA, Individually and as Nurse
Administrator at Sing Sing Correctional Facility;
EDWARD SOTTILE, MD, Individually and as
Facility Medical Director for Fish Kill Correctional
Facility; JOHN SUPPLE, MD, Individually and as
Physician at Fish Kill Correctional Facility;
JENNIFER MITCHELL, MD, FMD, Individually
and as Facility Medical Director for Arthur Kill
Correctional Facility; and, FELIX EZEKWE, MD,
Individually and as Physician at Arthur Kill
Correctional Facility,

                          Defendants.

-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

         Defendants have moved for summary judgment in this case and plaintiff has opposed the

motion.  Defendants now move pursuant to Fed. R. Civ. P. 37(c)(1) to preclude the affirmation of

Dr. Franklin Klion, which plaintiff attaches to his opposition.  See document 89.  On February 17,

2009, the Court stayed defendants' reply to Plaintiff's Opposition to the Motion for Summary Judgment ("Pl.'s Opp."), and directed plaintiff to respond to defendants' motion to strike. Plaintiff responded, and on June 3, 2009, Judge Matsumoto referred defendants' motions to me. Defendants' motion to preclude Dr. Klion's affirmation is denied.

Defendants argue that the Court should not consider Dr. Klion's affirmation because plaintiff did not disclose Dr. Klion as an expert witness. Under Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Further, "[u]nless otherwise stipulated or ordered by the Court, this disclosure must be accompanied by a report . . . if the witness is one retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B).

The remedy for such failure to disclose is preclusion under Fed. R. Civ. P. 37(c)(1): undisclosed witnesses will be precluded from supplying "evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless." The rule is designed to prevent one party from "sandbagging" the other with surprise evidence or witnesses. Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). However, preclusion is also considered a "drastic" remedy which should not be generally applied. Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y. 2004); Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). Although preclusion has been described as "self-executing" and "automatic," Advisory Committee Notes (1993 Amendments); Atkins v. County of Orange, 372 F. Supp. 2d 377, 395 (S.D.N.Y. 2005), this Circuit has held that such a characterization does not square with the plain language of the statute. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006)(noting that the Rule's language affords the Court latitude to impose less drastic sanctions in lieu of

exclusion). Even absent evidence of substantial justification or harmlessness, "the court does have discretion to impose other, less drastic, sanctions." Pal v. New York Univ., No. 06 Civ.5892, 2008 U.S. Dist. LEXIS 50902, at *3 (S.D.N.Y. June 30, 2008)(quoting Design Strategy, 469 F.3d at 298). Four factors are considered to determine whether preclusion is appropriate: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006)(quotes and citation omitted); see also Softel, Inc. v. Dragon Med. & Sci. Communs., 118 F.3d 955, 961 (2d Cir. 1997)(applying the factors to the preclusion of expert testimony).

Plaintiff's counsel, Anthony Ofodile, does not dispute that he failed to disclose Dr. Klion as an expert witness. Rather, Mr. Ofodile argues that (1) defendants did not disclose their own expert witness, Dr. Lebovics; and (2) that the parties only engaged in fact discovery, and that no schedule was set for expert discovery. See document 90. Both arguments are unavailing. First, even if defendants did not disclose Dr. Lebovics as an expert witness pursuant to Rule 26, plaintiff's remedy was to move to preclude, not to fail to disclose his expert. Furthermore, I do not credit Mr. Ofodile's claim that defendants did not disclose Dr. Lebovics as an expert witness. Dr. Lebovics filed an affirmation in February 2007 on defendants' behalf in opposition to plaintiff's motion for a temporary restraining order and preliminary injunction. See document 27. Second, the Court's scheduling Orders did contemplate the conclusion of expert discovery. Although Mr. Ofodile twice requested an extension of the deadline for the parties to complete "fact" discovery (documents 67, 71), the Court's original scheduling Order, and each of the Court's subsequent extension Orders,

clearly set dates for the completion of "all discovery" or of "fact *and* expert discovery." See documents 56, 64, 73, 81 and Order dated April 1, 2008. Moreover, even if Mr. Ofodile was mistaken about the deadline set, he is still obliged to disclose the identity of his witnesses. The record herein reflects that discovery finally closed in this case on June 20, 2008 after numerous extension requests by both sides. Mr. Ofodile was given ample opportunity to timely disclose Dr. Klion as an expert witness, and was obligated to do so. Instead, Mr. Ofodile waited until February 6, 2009, to have Dr. Klion sign his statement, and waited until he filed his opposition papers to disclose the existence of this witness to defendants. Mr. Ofodile's failure to timely disclose Dr. Klion as an expert witness is simply inexcusable.

Nevertheless, Dr. Klion's testimony is of great importance to plaintiff's case. The affirmation characterizes defendants' delayed treatment of plaintiff's Hepatitis C condition for more than a year as unjustifiable "under any accepted medical practice . . . ." (Affirmation of Dr. Franklin Klion in Opposition to Defendant's Motion for Summary Judgment, attached to Pl.'s Opp.). Further, although defendants are prejudiced by the fact that they learned of Dr. Klion's testimony after having served their motion for summary judgment, this prejudice can be remedied by allowing defendants to depose Dr. Klion and to supplement their motion.

Therefore, the Court denies defendants' motion to preclude consideration of Dr. Klion's affirmation. The Court does not credit Mr. Ofidile's explanation for his failure to disclose this witness. However, the importance of Dr. Klion's testimony to plaintiff's case, the ability to remedy any prejudice to defendants, and the possibility of reopening discovery at this stage of litigation weigh against granting defendants' motion.

The Court, therefore, reopens discovery for the limited purpose of allowing defendants to

depose Dr. Klion by July 31, 2009. Mr. Ofodile shall personally pay the costs of defendants'
deposition of Dr. Klion as a sanction for his failure to timely disclose Dr. Klion as an expert
witness.[1] See Fed. R. Civ. P. 37(c)(1)(A). The Clerk of Court is directed to mark defendants'
motion for summary judgment and plaintiff's opposition to the motion as withdrawn without
prejudice to refiling according to the following schedule: defendants shall serve their motion by
September 15, 2009; plaintiff shall serve his opposition to defendants' motion by September 29,
2009; defendants shall serve their reply and file the fully briefed motion with the Court
electronically by October 6, 2009.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 30, 2009
     Brooklyn, New York

---

[1]Defendants' counsel shall submit to plaintiff's counsel the Court reporter's bill for the deposition. Mr. Ofodile shall reimburse defendants' counsel within ten days or the Court will increase the amount of the sanction.