```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```

FRANK DICHIARA,

                Plaintiff,               **ORDER**
                                                                                   **06 CV 6123 (KAM)(LB)**

    -against-

DR. LESTER N. WRIGHT, Individually and as
Associate Commissioner for Health Services for
the New York State Department of Correctional
Services; ALEXIS LANG, MD, Individually and as
Regional Medical Director for the New York State
Department of Correctional Services;
JOHN PERILLI, MD, FMD, Individually and as
Facility Medical Director for Sing Sing Correctional
Facility; M. HALKO, MD, Individually and as
Physician at Sing Sing Correctional Facility;
P. K. KWAN, RPA, Individually and as Physician
Assistant at Sing Sing Correctional Facility;
KIMBERLY CAPUANO, RNA Individually and as
Nurse Administrator at Sing Sing Correctional
Facility; HANSEN, RNA, Individually and as Nurse
Administrator at Sing Sing Correctional Facility;
EDWARD SOTTILE, MD, Individually and as
Facility Medical Director for Fish Kill Correctional
Facility; JOHN SUPPLE, MD, Individually and as
Physician at Fish Kill Correctional Facility;
JENNIFER MITCHELL, MD, FMD, Individually
and as Facility Medical Director for Arthur Kill
Correctional Facility; and, FELIX EZEKWE, MD,
Individually and as Physician at Arthur Kill
Correctional Facility,

                Defendants.

```
-------------------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

      By letter dated August 31, 2009, defendants request that the Court (1) order a deposition date for plaintiff's expert witness Dr. Klion; (2) clarify its June 30, 2009 Order regarding the parties' respective responsibilities for the cost of Dr. Klion's deposition; (3) address whether Dr. Klion's hourly

rate for the deposition, as quoted by plaintiff's counsel is reasonable; and (4) issue an order stating that defendants are not responsible for compensating Dr. Klion for any time spent preparing for the deposition, that they need not pay Dr. Klion prior to the deposition, and that plaintiff's counsel should submit a bill for Dr. Kion's to defendants' counsel after the deposition has been conducted. See document 95; see also documents 92 and 94.

The Court's June 30, 2009 Order states: "Mr. Ofodile shall personally pay the costs of defendants' deposition of Dr. Klion as a sanction for his failure to timely disclose Dr. Klion as an expert witness." (Document 91 at 5). A footnote amplifies this as follows: "[d]efendants' counsel shall submit to plaintiff's counsel the Court reporter's bill for the deposition. Mr. Ofodile shall reimburse defendants' counsel within ten days or the Court will increase the amount of the sanction." Id. at n. 1.

To clarify, plaintiff's counsel shall pay for the cost of a court reporter, not the cost of Dr. Klion's time. Compensating Dr. Klion for his actual time spent at the deposition is the defendants' responsibility. See Fed. R. Civ. P. 26(b)(4)(C)(i)(" Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery . . . ."). Although the Court could order defendants to pay Dr. Klion for the time he spends with plaintiff's counsel preparing for the deposition, the Court declines to do so under these circumstances.

As to Dr. Klion's hourly rate, plaintiff's counsel claims that Dr. Klion charges $800 an hour. However, plaintiff has not shown any documents, such as an affidavit from the doctor, to support his claim. Moreover, plaintiff's counsel has not shown that such a rate is reasonable. Plaintiff bears the burden of demonstrating the reasonableness of the rate sought. Carafino v. Forester, 2005 U.S. Dist. LEXIS 7718, *3 (S.D.N.Y. Apr. 25, 2005). Therefore, plaintiff must at the very least submit an

affidavit from Dr. Klion stating his hourly rate, and the rationale to support the proffered figure. However, the deposition should proceed as soon as possible. No prepayment of Dr. Klion by defendants shall be required.

Defendants' August 31, 2009 letter informs the Court that "plaintiff's counsel has refused to respond to a range of dates provided by defendants in an attempt to schedule [the] deposition." (Document 95.) This is unacceptable and will not be tolerated. Plaintiff's counsel is reminded that Dr. Klion's deposition was ordered as an alternative to precluding the doctor's affirmation. The Court will preclude Dr. Klion's affirmation unless Dr. Klion's deposition is held and completed by October 15, 2009.

Defendants have suggested the following dates for Dr. Klion's deposition: September 22, September 29, September 30, or October 1, 2009. See document 95. The parties shall confer and select a date certain for the deposition. Defendants shall promptly notify the Court of the deposition date agreed upon by the parties whereupon the Court will order Dr. Klion to appear. If plaintiff's counsel fails to schedule and complete Dr. Klion's deposition as set forth herein, defendants' counsel shall renew their motion to preclude, and the Court shall preclude Dr. Klion's affirmation and testimony in this case. See Fed. R. Civ. P. 30(d)(2).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 4, 2009
Brooklyn, New York